# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**PAUL M. BESSMAN and CINDY
BESSMAN, husband and wife,**

    **Plaintiffs,**

v.                                        Case No. 3:09cv123/MCR/MD

**TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,**

    **Defendant**
_____/

## O R D E R

On February 24, 2010, the court entered an order denying Travelers' motion for summary judgment (doc. 32).  Pending before the court are Travelers' motion to reopen the summary judgment deadline (doc. 33) and motion for reconsideration and relief from judgment (doc. 34).  For the reasons explained below, Travelers' motion to reopen the summary judgment deadline will be granted.  Both of Travelers' motions were filed with the same purpose to request the court to consider Travelers' newly submitted affidavits.  Reopening the summary judgment deadline renders Travelers' motion for reconsideration and relief from judgment moot.

Federal Rule of Civil Procedure 16(b) requires courts to enter a scheduling order that limits the time to amend the pleadings.  *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  The scheduling order may be modified only "upon a showing of good cause."  *Id.*  Under the good cause standard, the scheduling order only may be modified if the schedule cannot "be met despite the diligence of the party seeking the extension."  *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note).  A party shows good

cause for modification where the opposing party caused a delay by failing to candidly respond to interrogatories. *See Wasdin v. Cheetah Transp., LLC*, 2006 WL 3534969, at *2 (M.D. Ga. Dec. 7, 2006).

Travelers argues it has satisfied the good cause and due diligence standard articulated in *Sosa*. The court agrees. As Travelers notes, the court denied summary judgment because the record failed to establish that Jim Geisinger had the authority to sign an uninsured motorist selection form on behalf of Hope Lumber, Bessman's employer. (*See* doc. 32.) According to Travelers, Bessman failed to disclose in any of his filings that Geisinger's authority was in dispute; and, had Bessman done so, Travelers could have easily established Geisinger's authority. In support of this argument, Travelers has provided new affidavits from Jim Geisinger and Paul Vaughn, former CFO of Hope Lumber. Bessman argues that Travelers' failure to file these affidavits is solely the fault of Travelers. Upon review of the filings in this case, the court cannot agree. Nowhere in Bessman's complaint (doc. 1) or the parties' joint scheduling report (doc. 14) does Bessman dispute Geisinger's authority to sign the uninsured motorist selection form; instead, Bessman's theory of coverage is clearly based on estoppel. Although Bessman denied Travelers' requests for admissions that the UM form was valid, signed knowingly and intentionally, he did so vaguely by stating only that he could "not answer to the intentions of Jim Geisinger and Hope Lumber." (Docs. 29-4, 29-5.) In response to Travelers' interrogatories seeking factual support for Bessman's denial, he stated only that "[t]he documents and disclosures indicated that Hope Lumber at all times relevant had UM coverage." (Docs. 29-5, 29-6.) Bessman's generic responses failed to identify Geisinger's authority as a disputed issue. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("Discovery itself is designed to help define and clarify the issues."); *Berry v. Fla. Int'l Univ. Bd. of Trs.*, 2008 WL 203362, at *2 (S.D. Fla. Jan. 23, 2008) ("A major purpose of discovery is eliminating surprise."). Thus, the court finds Travelers could not meet the schedule, despite its diligence, due to Bessman's failure to respond to Travelers' interrogatories by specifically questioning or denying Geisinger's authority. *See Sosa*, 133 F.3d at 1418; *Wasdin*, 2006 WL 3534969, at *2.

Accordingly:

1. Travelers' Motion to Reopen the Summary Judgment Deadline (doc. 33) is GRANTED, however, Travelers is not invited to file a new motion for summary judgment. Instead, the court will consider Travelers' previously filed motion for summary judgment along with the new affidavits of Jim Geisinger and Paul Vaughn.

2. Travelers' Motion for Reconsideration and Relief from Judgment (doc. 34) is DENIED as moot.

3. On or before May 10, 2010, Bessman shall respond solely on the issue of Jim Geisinger's authority to sign an uninsured motorist selection form on behalf of Hope Lumber. The court does not invite argument on any other issue in this case.

**DONE and ORDERED** this 26th day of April, 2010.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**