# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**PAUL M. BESSMAN and CINDY
BESSMAN, husband and wife,**

      **Plaintiffs,**

**v.**                                                          **Case No.: 3:09cv123/MCR/CJK**

**TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,**

      **Defendants.**

_____/

## O R D E R

The plaintiffs, Paul and Cindy Bessman, filed this lawsuit against the defendant,

Travelers Property Casualty Company of America ("Travelers"), after Travelers denied Paul

Bessman's claim for uninsured/underinsured motorist ("UM/UIM") benefits.[1]   At the

conclusion of discovery, Travelers filed a motion for summary judgment (doc. 25), arguing

that there were no genuine issues of material fact because the undisputed evidence

showed that its insured, Hope Lumber, rejected UM/UIM coverage pursuant to Fla. Stat.

§ 627.727.[2]  In response to Travelers' motion, the plaintiffs argued that Travelers failed to

---

[1] Bessman was involved in an automobile accident with an uninsured/underinsured motorist while operating a motor vehicle in the course of his employment with Hope Lumber & Supply Company ("Hope Lumber").  Bessman made a claim against a commercial automobile liability policy issued to Hope Lumber by Travelers.  In response to Bessman's request that it disclose any coverage available to him under the policy, including UM/UIM coverage, Travelers informed Bessman on September 11, 2007, that $1,000,000 in coverage was available under the policy.  On September 24, 2008, however, Travelers notified Bessman that no UM/UIM coverage was available because Hope Lumber had rejected such coverage in Florida. Bessman thus filed suit against Travelers.

[2] Florida Statute § 627.727 requires that any automobile liability insurance policy issued in Florida covering bodily injury also provide UM/UIM coverage. *Long v. Prudential Prop. and Cas. Ins.*, 707 So. 2d 390, 391 (Fla. 5th DCA 1998).  The statute further provides, however, that a named insured may reject such coverage by signing a UM/UIM selection form.  *See id.*  Travelers produced a UM/UIM selection form showing that Hope Lumber rejected UM/UIM coverage.  The form identified Hope Lumber as the named insured; met the content and format requirements for a UM/UIM selection form specified in § 627.727; and included a checked box stating: "I hereby reject Uninsured Motorist Coverage."  (Doc. 26-1).

demonstrate that Jim Geisinger, the individual who signed the UM/UIM selection form on behalf of Hope Lumber, had the authority to do so (doc. 29).[3]  The plaintiffs further argued that Travelers acted fraudulently in failing to provide them with a copy of Hope Lumber's rejection form sooner, suggesting that no such form, in fact, existed at the time Bessman made his claim.[4]  The court denied Travelers' motion because Travelers failed to present any evidence that Geisinger had authority to act on Hope Lumber's behalf when he signed the UM/UIM selection form.  Shortly thereafter, Travelers filed a motion to reopen the summary judgment deadline (doc. 33) and a motion for reconsideration and relief from judgment (doc. 34), requesting that the court consider affidavits from Geisinger and Paul Vaughn, Hope Lumber's Chief Financial Officer ("CFO"), regarding Geisinger's authority to act on behalf of Hope Lumber in signing the UM/UIM selection form.  Travelers' motions were based on the fact that the plaintiffs never questioned Geisinger's authority, much less raised it as an issue in the case, before responding to Travelers' motion for summary judgment.  Because the plaintiffs had not raised the issue, the court granted Travelers' motion to reopen the summary judgment deadline for the limited purpose of allowing Travelers to submit the affidavits (doc. 36).[5]

The affidavits establish that Geisinger, in fact, had authority to act on Hope Lumber's behalf when he signed the UM/UIM selection form.  According to Geisinger's affidavit, he was the President of Rooney Insurance Agency ("Rooney Insurance") at the time he signed the form.  Both Rooney Insurance and Hope Lumber were owned and operated by Rooney Holdings, Inc. ("Rooney Holdings"), which appointed Rooney Insurance to act as the risk manager/agent for all Rooney Holding companies, including Hope Lumber.  As the risk manager/agent, Rooney Insurance was responsible for

---

[3] In an undated affidavit attached to Travelers' letter informing the plaintiffs that Hope Lumber had rejected UM/UIM coverage, Geisinger stated that he currently was the agent of Hope Lumber and had served as its risk manager.

[4] The plaintiffs did not plead fraud in their complaint.

[5] Because the motions were filed for the same purpose, the court denied Travelers' motion for reconsideration and relief from judgment as moot.

procuring insurance coverage on behalf of Hope Lumber and rejecting UM/UIM coverage in every state in which it was permitted to do so. Geisinger stated that, when he executed the UM/UIM selection form at issue in this case, he was acting with Vaughn's express authority. Vaughn confirmed that fact in his Declaration. According to Vaughn, as Hope Lumber's CFO, he was responsible for coordinating insurance coverage with Geisinger. Vaughn further stated that it was Hope Lumber's policy to reject UM/UIM coverage wherever permissible and that Hope Lumber relied upon Geisinger to do so. Finally, Vaughn stated that he personally authorized Geisinger to execute the UM/UIM selection form at issue in this case, rejecting UM/UIM coverage on Hope Lumber's behalf. Because Geisinger plainly had authority to act on Hope Lumber's behalf in signing the UM/UIM selection form, a presumption arises that Hope Lumber made an informed, knowing rejection of UM/UIM coverage. *See Johnson v. Stanley White Ins.*, 684 So. 2d 248, 250 (Fla. 2d DCA 1998). That presumption may be rebutted if the rejection was procured by fraud, forgery, or trickery. *See id.* The plaintiffs, however, did not plead fraud in their complaint, much less with the requisite particularity. *See* Fed. R. Civ. P. 9(b). Even if they had, they have adduced no evidence to substantiate their allegation in that regard. As a result, the court finds that there is no genuine issue of material fact and that Travelers is entitled to summary judgment as a matter of law. *See Jackson v. State Farm and Cas. Co.*, 469 So. 2d 191, 193 (Fla. 2d DCA 1985) (affirming summary judgment for the insurer where the insurer produced a signed UM/UIM selection form and the plaintiff alleged, but presented no evidence to show, that the rejection was not knowing).

Accordingly, it is hereby ORDERED that Travelers' motion for summary judgment (doc. 25) is **GRANTED**. The Clerk of Court is directed to enter final summary judgment in favor of Travelers, consistent with this order, and tax costs against the plaintiffs.

**DONE AND ORDERED** this 29th day of March, 2011.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No: 3:09cv123/MCR/CJK